IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Edward Satathite,<br>        Petitioner,<br>vs.<br>A. Davenport, et al.<br>        Respondents. | CV-10-487-TUC-RCC (JCG)<br><br>**REPORT & RECOMMENDATION** |

    Petitioner Benjamin Edward Satathite, presently incarcerated at the Arizona State Prison Complex, Cimarron Unit, in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. 1)[1] and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. 13.) Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court deny the Petition.

///

///

///

///

---

[1] The pages of Petitioner's Petition were filed out of order; the Petition appears at pages 1, 2, 43, 44, 71 and 92-96. The remaining pages are exhibits.

# **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted of two counts of armed robbery. (Answer, Ex. A.)[2] The jury found the offenses were dangerous, and after a bench trial, the court found Petitioner had five prior felony convictions. (*Id*.) Petitioner was sentenced to aggravated, concurrent prison terms of twenty years on each count. (*Id*.) In imposing the aggravated terms, the trial court found the following aggravating circumstances: Petitioner's criminal history of six felonies and nine misdemeanors; Petitioner's prior incarceration; Petitioner's crimes involving multiple victims; Petitioner committed the offenses for pecuniary gain; the victims' emotional harm; and Petitioner's danger to the community. The trial court found the following mitigating circumstances: Petitioner's remorse; Petitioner's family responsibility; and Petitioner's family and community support.

Petitioner appealed his convictions, arguing that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (*Id*.) The Court of Appeals affirmed Petitioner's conviction and sentence and Petitioner did not seek review of that decision. (Answer, Exs. A & B.)

On December 20, 2005, Petitioner initiated post-conviction proceedings pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition"). (Answer, Ex. C.) In the substantive pleading that following, Petitioner presented two claims for relief: (1) Petitioner was denied effective assistance of counsel when trial counsel failed to introduce evidence that another person had confessed to committing the robbery for which Petitioner was convicted, and (2) Petitioner's rights were violated by photographs being taken of Petitioner in prison.[3] (Petition, pg. 46, Answer, Ex D.) The trial court denied Petitioner's Rule 32 Petition. (Answer, Ex. D.)

Petitioner filed a Petition for Review in the Arizona Court of Appeals, in which he argued that he was denied effective assistance of counsel when trial counsel failed to

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct."

[3] Petitioner alleged the second claim on a *pro per* basis.

2

1  introduce evidence that another person had confessed to committing the robbery for which
2  Petitioner was convicted. (Petition, pgs. 56-65, Answer, Ex. E.)  The Court of Appeals
3  granted review but denied relief.  (Answer, Ex. E.)  Petitioner did not seek review of that
4  decision.  (Answer, Ex. F.)

5        On October 2, 2007, Petitioner initiated a second round of post-conviction relief
6  proceedings ("Second Rule 32 Petition"). (Answer, Ex. G.)  In the substantive pleading that
7  followed, Petitioner argued that his appellate counsel and prior Rule 32 counsel were
8  ineffective for failing to challenge the propriety of admitting into evidence photographs taken
9  of Petitioner's tattoos while Petitioner was incarcerated.  (Answer, Ex. H.)   The trial court
10 denied Petitioner's Second Rule 32 Petition, concluding that Petitioner had the opportunity
11 to challenge his appellate counsel's performance in his first Rule 32 Petition and thus the
12 claim was now precluded.  (*Id*.)  The trial court further concluded that Petitioner's claim that
13 his prior Rule 32 counsel was ineffective was without merit.  (*Id*.)  Petitioner petitioned for
14 review by the Arizona Court of Appeals; the Court of Appeals granted review but denied
15 relief on June 16, 2010.  (Answer, Ex. I.)  Petitioner did not seek review of that decision.

16       On August 9, 2010, Petitioner filed the instant Petition.  (Doc. 1.)  In his Petition,
17 Petitioner presents three claims for relief:

18       **Ground 1:**   Petitioner was sentenced in violation of *Blakely*;
19       **Ground 2:**   Petitioner was denied effective assistance of counsel when trial counsel
20                          failed to introduce evidence that another person had confessed to
21                          committing the robbery for which Petitioner was convicted;
22       **Ground 3:**   (a) Petitioner's appellate counsel was ineffective for failing to argue
23                          that Petitioner's rights were violated when photographs taken of him in
24                          prison were admitted into evidence, and (b) Petitioner's first Rule 32
25                          counsel was ineffective for failing to argue that Petitioner's rights were
26                          violated when photographs taken of him in prison were admitted into
27                          evidence.
28

## **DISCUSSION**

**1.     Ground 3(b) presents a non-cognizable claim**

In Ground 3(b), Petitioner contends that his first Rule 32 counsel was ineffective for failing to argue that Petitioner's rights were violated when photographs taken of him in prison were admitted into evidence. Pursuant to 28 U.S.C. § 2254(i), "the ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Ground 3(b) is not properly before this Court.

**2.     Exhaustion**

**a.     Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim

may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**b.   Ground 3(a) is procedurally defaulted**

In Ground 3(a), Petitioner contends that his appellate counsel was ineffective for failing to argue that Petitioner's rights were violated when photographs taken of him in prison were admitted into evidence. Petitioner raised this claim in his Second Rule 32 Petition. The trial court denied relief pursuant to Rule 32.2(a), Ariz. R. Crim. P., which precludes from post-conviction relief claims that could have been raised on appeal, because Petitioner failed to raise Ground (a) in his First Rule 32 Petition. Rule 32.2(a)(3) is an independent state law ground, s*ee Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its preclusion rules such that they are an adequate bar to federal review of a claim. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same).Thus federal habeas review of Ground 3(a) is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

**c.   Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence.**

A federal court may only grant review of a procedurally defaulted claim if petitioner makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable

1 showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner has not alleged cause and prejudice or actual innocence. Accordingly, Ground 3(a) was not properly exhausted and the Court need not consider the merits of that claim.

**d.    Exhausted claims**

Petitioner properly exhausted Ground 1 by fairly presenting it in his direct appeal. Petitioner properly exhausted Ground 2 by fairly presenting it in his Rule 32 Petition and in his petition for review by the Arizona Court of Appeals of the trial court's denial of his Rule 32 Petition. Accordingly, the Court will consider the merits of these claims.

**3.    Merits**

**a.    Legal Standard**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### b.   Ground 1

In Ground 1, Petitioner contends he was sentenced in violation of *Blakely v. Washington.* This argument was presented on direct appeal, thus this Court looks to the Arizona Court of Appeals' decision affirming Petitioner's conviction as the state's last reasoned decision and the basis for its judgment. *See Avila*, 297 F.3d at 918 & n. 6.

Petitioner contends that his sentence violated *Blakely* because the trial court considered facts not determined by a jury when aggravating Petitioner's sentence. The Court of Appeals concluded that Petitioner's sentence did not violate *Blakely* because aggravation of the sentence based on facts reflected in the jury verdict is *Blakely*-exempt, and once an aggravating factor is found which is *Blakely*-exempt, the Sixth Amendment allows the Court to find additional factors by a preponderance of the evidence.

The Court of Appeals' decision was not contrary to federal law, as it correctly recited the legal standard set forth in *Blakely v. Washington*. In *Blakely*, the United States Supreme Court reaffirmed its holding, first expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 301 (emphasis added). Thus, *Blakely* excludes facts reflected in the jury verdict from its holding that aggravating factors must be found by a jury in order to be considered during sentencing. The United States Supreme Court also permits a trial court to consider other aggravating factors once an aggravating factor is established by the jury verdict. The rule announced in *Apprendi* and reaffirmed in *Blakely* applies to fact-finding that increases the penalty for a crime "beyond the statutory maximum." *Blakely*, 542 U.S. at 301. As the *Apprendi* Court explained, "nothing in [the history of the right to jury

trial] suggests that it is impermissible for judges to exercise discretion--taking into consideration various factors relating both to offense and offender--in imposing a judgment *within the range prescribed by statute*." *Apprendi,* 530 U.S. at 481 (emphasis added). The Court reinforced this conclusion two years later in *Harris v. United States*, 536 U.S. 545, 558 (2002). In a plurality opinion authored by Justice Kennedy, the Court stated that while a jury must find those facts that establish the outer limits of a sentence, facts that limit a judge's sentencing discretion within the prescribed statutory range, such as those that compel imposition of a mandatory minimum sentence, may be found by judges rather than juries. *Harris*, 536 U.S. at 567. Thus, "[j]udicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments." *Id*. at 558.

The Court of Appeals reasonably applied the appropriate federal law to the facts before the court. Petitioner conceded that it was inherent in the jury verdict that there were multiple victims. (Answer, Ex. A.) Thus, the aggravating factor of crimes involving multiple victims was *Blakely*-exempt. To the extent that the sentencing judge aggravated Petitioner's sentence based on other aggravating factors, he was permitted to do so following the finding of a *Blakely*-exempt aggravating factor. Accordingly, the Magistrate Judge recommends denying the Petition with respect to Ground 1.

    **c.**    **Ground 2**

In Ground 2, Petitioner contends that Petitioner was denied effective assistance of counsel when trial counsel failed to introduce evidence that another person had confessed to committing the robbery for which Petitioner was convicted. Petitioner raised this claim in his Rule 32 Petition and his petition for review by the Court of Appeals; the Court of Appeals' decision to deny relief is the last reasoned state decision and the basis for its judgment.

The Court of Appeals applied the correct federal law, relying on *Strickland v. Washington*, 466 U.S. 668, 687 (1984), clearly established precedent regarding claims for ineffective assistance of counsel. Pursuant to the Sixth Amendment of the United States

9

Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

The Court of Appeals reasonably applied *Strickland* to the facts of Petitioner's case. The alleged confessor had told Petitioner's trial counsel that he had lied when he confessed and that he would invoke his Fifth Amendment privilege if called to testify. (Answer, Ex. E, pg. 2.) The Court of Appeals reasonably concluded that it was not deficient performance for trial counsel to decline to call a witness she knew would be impeached based on his inconsistent statements. (Answer, Ex. E, pg. 4.) In addition, trial counsel made the tactical decision to present other evidence suggesting that the alleged confessor had been the perpetrator; trial counsel may have reasonably believed that this evidence was more likely to assist in Petitioner's defense. Had trial counsel called the alleged confessor to testify and he had appeared untruthful on cross-examination, his testimony could have further implicated Petitioner. In addition, Petitioner was not prejudiced by trial counsel's alleged error, given the weight of the evidence against him: the victims identified Petitioner in court, the jury was shown a video and photographs of the robbery, and Petitioner's father's girlfriend testified that Petitioner was the person depicted in photographs of the robbery. Accordingly, Petitioner is not entitled to relief on Ground 2.

**CONCLUSION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-487-TUC-RCC.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 11th day of January, 2011.

_____
Jennifer C. Guerin
United States Magistrate Judge